# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CORY E. YOUNG,<br><br>   Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | No. 19-CV-2056-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Plaintiff Cory E. Young's Objections (docket no. 20) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 19), which recommends that the court reverse the Commissioner's final decision to deny disability benefits to Young, and remand for further proceedings.

## II. RELEVANT PROCEDURAL HISTORY

On August 28, 2019, Young filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying his application for Title XVI supplemental security income ("SSI") benefits. On November 4, 2019, the Commissioner filed an Answer (docket no. 7). On February 3, 2020, Young filed the Plaintiff's Brief (docket no. 11). On February 28, 2020, the Commissioner filed the Defendant's Brief (docket no. 12). On March 14, 2020, Young filed the Reply Brief (docket no. 14). On March 16, 2020, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On August 12, 2020, Judge Mahoney issued the Report and Recommendation. On August 26, 2020, Young filed the Objections. The matter is fully

submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. Review of Final Decision

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has

3

Case 6:19-cv-02056-LRR-KEM   Document 21   Filed 10/22/20   Page 3 of 6

repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

## IV. OBJECTIONS

In the Objections, Young states that he "objects to the [Report and Recommendation's] findings on [the] issue" of whether "[t]he ALJ's RFC determination did not properly account for . . . Young's moderate deficiencies in concentration, persistence and pace." Objections at 2; *see generally id*. at 2-4. Young concludes that, "[i]n short, there is a bare minimum requirement for RFC precision following *Newton v. Chater*, that the ALJ did not meet when finding a claimant has moderate limitations in concentration, persistence or pace, the ALJ's RFC finding that the claimant is limited to just unskilled work will be insufficient following *Newton v. Chater*[.]" *Id*. at 4. However, Young asserts that he "does not object to the [Report and Recommendation's] conclusion

4

that [his] case should be remanded for other reasons, and if this [c]ourt is remanding for other reasons, the *Newton v. Chater* RFC error argument can be treated as moot in this case." *Id*. at 2.

Young also objects to Judge Mahoney's determination on his Appointments Clause challenge. *See generally id*. at 5-6. Again, Young states that, "[i]f this [c]ourt is remanding for other reasons, this issue can be treated as moot." *Id*. at 6.

Young does not object to Judge Mahoney's recommendation that the court remand for further consideration and development of Dr. Guevara's opinions, an examining psychologist. *See id*. at 5. Further, Young does not object to Judge Mahoney's recommendation that the court remand because the ALJ erred in not finding Young's cognitive impairment to be a severe impairment. *Id*. Lastly, Young does not object to Judge Mahoney's recommendation that the court remand because the ALJ did not properly consider or develop the issue of Young needing to elevate his legs. *Id*. The Commissioner filed no objections to Judge Mahoney's Report and Recommendation.

Therefore, as to the issues with no objections, it appears to the court upon review of Judge Mahoney's findings and conclusions in the Report and Recommendation that there is no ground to reject or modify them. Further, because the court is remanding this matter based on unobjected-to portions of Judge Mahoney's Report and Recommendation, and, because Young has stated that, if the court is remanding on other grounds, his objections based on *Newton v. Chater* and the Appointments Clause challenge should be considered moot, the court shall overrule Young's objections as moot.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 20) are **OVERRULED as moot**;

(2) The Report and Recommendation (docket no. 19) is **ADOPTED**; and

(3) The final decision of the Commissioner is **REVERSED** and **REMANDED**

5

Case 6:19-cv-02056-LRR-KEM   Document 21   Filed 10/22/20   Page 5 of 6

for further proceedings consistent with this Order and the Report and Recommendation.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA